UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALDEMAR ANTONIO CHAJ AGUILON (A-Number 221-486-317), <br><br> Petitioner, <br><br> v. <br><br> WARDEN OF THE CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*, <br><br> Respondents. | No. 1:26-cv-04668-KES-CDB (HC) <br><br> ORDER REQUIRING RESPONDENTS TO FILE A RESPONSE <br><br> ORDER SETTING BRIEFING SCHEDULE <br><br> **21-Day Deadline** |

Petitioner Baldemar Antonio Chaj Aguilon ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action on June 18, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, while in custody of Immigration and Customs Enforcement ("ICE") at the California City Immigration Processing Center in California City. (Doc. 1).

**Preliminary Screening**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

1

Petitioner alleges that he has been detained in continuous immigration custody since January 21, 2026, without a constitutionally adequate bond hearing before a neutral decisionmaker in violation of his constitutional rights. (Doc. 1 ¶ 6); *see id.* at 9. Petitioner alleges his continued detention is not justified because he is neither a flight risk nor a danger to the community, and his removal proceedings remain pending as no final decision has been entered. *Id.*

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

There is no information in the petition to establish whether Petitioner is the subject of a final order of removal. Accordingly, because Petitioner challenges his immigration detention on constitutional grounds, the Court preliminarily concludes that Petitioner's petition is cognizable under 28 U.S.C. § 2241. In addition, because Petitioner was incarcerated at the California City Immigration Processing Center at the time of filing, and that facility lies within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) ("Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions.'") (citing 28 U.S.C. § 2241); *see, e.g.*, *Doe v. Garland*, 109 F.4th 1188, 1197-99 (9th Cir. 2024) (holding that the Eastern District of California exercises jurisdiction over core habeas corpus petitions filed by petitioners confined at a facility within this district).

**Conclusion and Order**

This Court has conducted a preliminary review of the petition. It is not clear from the face of the petition whether Petitioner is entitled to relief. Accordingly, pursuant to Habeas Rule 4, the Court HEREBY ORDERS:

1. Respondents SHALL file a response addressing the merits or seeking dismissal of the Petition within **21 days** of the date of service of this order. Respondents' response

2

SHALL provide the Court with copies of referenced/relevant portions of Petitioner's A-File and other supporting documents, including notices to appear, orders relating to Petitioner's release from custody, and documents related to any asserted violations of release conditions or any asserted change of circumstances warranting Petitioner's re-detention. Habeas Rule 5.

2. Petitioner's TRAVERSE to any Answer or OPPOSITION to any Motion to Dismiss filed by Respondents is due on or before **14 days** from the date of Respondents' filing.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(g). All provisions of Local Rule 110 are applicable to this Order.

IT IS SO ORDERED.

Dated:  **June 22, 2026**

_____
UNITED STATES MAGISTRATE JUDGE